UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYRONE DAVIS SMITH,

    Petitioner,

v.

                           Case No. 24-cv-180-pp

STEVEN JOHNSON,

    Respondent.

**ORDER OVERRULING PETITIONER'S OBJECTION (DKT. NO. 7), ADOPTING JUDGE DUFFIN'S REPORT AND RECOMMENDATION (DKT. NO. 6) AND DISMISSING CASE**

On February 8, 2024, the petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2241 challenging an administrative decision to place him in temporary lockup for sexual misconduct.[1] Dkt. No. 1. The petitioner alleges that the conduct report of sexual misconduct and the resulting disciplinary procedure violated his rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution. Id. at 14-15. The petitioner asks the court to dismiss the conduct report with prejudice and expunge it from his record, and he asks the court to order him released from temporary lockup. Id. at 15.

On February 20, 2024, Magistrate Judge William E. Duffin recommended that this court dismiss the case. Dkt. No. 6. Judge Duffin observed that the petitioner "seeks to challenge not the fact or duration of his custody but the

---

[1] The petitioner states that he was placed into temporary lockup on January 11, 2024. Dkt. Nos. 1 at 2, 1-1 at 11.

1

conditions." Id. at 2. Judge Duffin quoted Montgomery v. Anderson, 262 F.3d 641, 644 (7th Cir. 2001): "More-restrictive custody must be challenged under §1983, in the uncommon circumstances when it can be challenged at all." Id. Judge Duffin concluded that, "[b]ecause a petition under §2241 is not the proper means for obtaining the relief he seeks, the court must recommend that [the petitioner]'s petition and this action be dismissed." Id.

On February 28, 2024, the petitioner filed an objection to Judge Duffin's recommendation. Dkt. No. 7. The petitioner appears to agree with Judge Duffin that he is not challenging the fact or duration of his custody but the conditions. Id. at 3. The petitioner argues, however, that Judge Duffin misapplied Montgomery, 262 F.3d 641. Id. The petitioner states the following:

> Montgomery argues that a petitioner "cannot use §1983 to contest his segregation [status] for reason[ of because] the decision of prison disciplinary board," in instant case, hearing officer, "may not lead to an award of damages if it is open to contest under 2254[; t]hat is the holding of . . . Heck v. Humphrey, 512 U.S. 477 [citation omitted] (1994)," 262 F.3d at 644.
> The question that comes about is do this applies to 2241 habeas? [The petitioner] argues it does. Seeking relief from this is part of exhausting administrative remedies, and at this stage the 2241 is the only remedy [the petitioner] has following the appeal to the warden to address the constitutional violations whether or not if he later seeks damages via §1983, considering the holding in Montgomery.

Id. (alterations in original). As best the court can tell, the petitioner is arguing that the decision in Montgomery does not apply to *habeas* claims under §2241.

Rule 72(b) of the Federal Rules of Civil Procedure governs a district court's referral of dispositive motions and the petitions of incarcerated persons to magistrate judges. Parties have fourteen days to file "specific written objections" to a magistrate judge's recommended disposition. Fed. R. Civ. P. 72(b)(2). The district judge must review *de novo* the portions of the magistrate

2

judge's recommendations to which a party timely objects. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2), (3). The court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1).

Because the petitioner appears to agree with Judge Duffin that he "seeks to challenge not the fact or duration of his custody but the conditions[,]" dkt. nos. 4 at 2, 7 at 3, the court will focus on whether §2241 is the proper means for obtaining the relief he seeks. Judge Duffin correctly stated that a petition for *habeas* relief under 28 U.S.C. §2241 is not the proper mechanism for the petitioner to challenge the conditions of his confinement. The petitioner is correct that Montgomery involved a petition for *habeas* relief under 28 U.S.C. §2254, not 28 U.S.C. §2241, but the Seventh Circuit Court of Appeals has applied Montgomery's reasoning in cases involving petitions brought under §2241. See Smith v. Bezy, 141 F. App'x 479, 481 (7th Cir. 2005) (affirming the denial of a petitioner's §2241 claim and citing Montgomery for the principle that "[d]isciplinary segregation or a reduction in privileges affects the nature of the inmate's custody rather than its duration and, accordingly, may not be raised in a petition for habeas corpus"). Montgomery is not the only case holding that a *habeas* petition—whether brought under §2254 or §2241—is not the proper mechanism for an incarcerated person to use in challenging the conditions of his confinement. For example, in Graham v. Broglin, the Seventh Circuit held:

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation—then habeas corpus is his remedy. But if he is seeking a different program

3

> or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law[.]

922 F.2d 379, 381 (7th Cir.1991). See also Robinson v. Sherrod, 631 F.3d 839, 840-41 (7th Cir. 2011) (affirming the denial of a petitioner's §2241 claim and holding "[w]hen there isn't even an indirect effect on duration of punishment . . . we'll adhere to our long-standing view that habeas corpus is not a permissible route for challenging prison conditions"). Because the petitioner seeks to challenge only the conditions of his confinement, he has used the wrong mechanism to bring that challenge. The court must dismiss the petition.

The court **OVERRULES** the petitioner's objection. Dkt. No. 7.

The court **ADOPTS** Judge Duffin's recommendation. Dkt. No. 6.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of April, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**